By the Court.—Sedgwick, J.
The action was for goods sold and delivered. The goods were sold to one McCadden, personally. The plaintiff took the burden of proving that McCadden bought as the agent of Huyler, the defendant. The referee found as a fact, that he did not. On the plaintiff’s case, there was sufficient to sustain this finding, and on the whole case there was abundant testimony, leading to such result.
The plaintiff proved, as a part of their opening case, and in corroboration of their main position, that at the commencement of the dealings between McCadden and the plaintiffs, or their predecessors, the defendant Huyler had endorsed four or five promissory notes made by McCadden, in payment, for goods. In defense, the defendant Huyler was asked, in his own behalf, how he came to endorse those notes. The answer was that McCadden had asked him to endorse a note; that McCadden had then said that one of the plaintiffs would trust him, but another would not; that the witnesses objected, but finally endorsed the note, and that note being paid, he endorsed five or six more after that, which were also paid, but finally, after this running on for about two years, he refused to endorse any more. It is well to say, that the plaintiffs showed that after about two years, they took McCadden’s notes without Huyler’s endorsement.
The plaintiffs moved to strike from this answer, the declarations of McCadden made to the witness, and also that the witness refused to endorse. The referee denied the motion, and the plaintiffs excepted. I *192 think the referee was correct. The statements to Hujier were not evidence of the facts stated in them, but the conversation and its character, proved the fact of the defendant endorsing for the accommodation of Mc-Cadden. The plaintiffs said the endorsement shows the agency. The defendant said the manner in which the endorsement was induced shows there was not an agency, so far as an inference from the endorsement goes.
The plaintiffs called on McDowell as a witness, who testified that at the burial of McCadden, Huyler had admitted that he owned all the stock in the store, where business was done ostensibly in McCadden’s name. On cross-examination by defendant, the witness testified that he was the landlord of McCadden, that Mr. or Mrs. McCadden paid the rent, and that the lease was in McCadden’s name. He was further cross-examined as to when, where, and in whose presence, the lease was negotiated or made. In answer, he named several persons, and said that Huyler, this defendant, was one of them. At a later part of the case, the defendant called one of the persons named, and proved by him the making of the lease, but also that Huyler was not present thereat. This last was objected to by the plaintiffs’ counsel, on the ground that defendants had made McDowell their own witness on this subject, and could, therefore, not contradict him. The objection was overruled. The exceptions taken on this subject are not tenable. If McDowell had been called by the defendant, the latter would have been at liberty to show, as an affirmative fact, to rebut the position that McCadden was carrying on business for the defendant, that McCadden had leased the store in his own name, and that Huyler took no part in that. If McDowell had said that Huyler was present, the defendant would not have been precluded from going on by other witnesses to show Huyler had nothing to do with the leasing, and was not present. The only result would *193 have been, that he would not have been at liberty to argue from this difference in the testimony, that it impeached McDowell’s evidence, but the defendant could not be shat out from proving what the fact was.
I would most earnestly complain of the unnecessary labor imposed upon the court, by including in the printed case large masses of unimportant testimony, and long exhibits, which have to be examined, while the examination shows that they can aid neither side, on the appeal.
The judgment should be affirmed with costs.
Monell, Ch. J., concurred.